## No. 5.

### TOWN OF IRA *against* TOWN OF CLARENDON.
*Rutland*, 1820.

WHERE a person came to reside in the town of I, and was legally warned to depart said town, and afterwards did depart said town, and reside in the town of C, and there gained a settlement ;  and, afterwards returned to the town of I, and there resided one year, without being warned.  Held, that the warning aforesaid, prevented the person warned, from gaining a settlement by the second residence.

THIS was a writ of error, brought to reverse the Judgment of Rutland County Court.

The case was, an order of removal of two paupers, made in favor of the town of Ira, upon the town of Clarendon.

On the trial, in the County Court, the town of Ira offered the record of the warning of one of the paupers, in June, 1804, and of both, in February, 1808.

These were objected to, inasmuch as it appeared, from the evidence, that the paupers had subsequently departed from said town, and gained a settlement in Clarendon ; and, after having gained a settlement in Clarendon, had removed to Ira, and there resided a year, without being warned ; and, therefore, the testimony was immaterial and irrelevant.

The Court rejected the testimony, and a verdict was returned for Clarendon.

Ira filed their bill of exceptions, and brought this writ of error.

By the Court.    The question is, whether a warning, agreeably to the Statute, 1 vol. p. 400, prevents the person warned,

from gaining a settlement, by the residence immediately following the warning *only*; or whether the effects of the warning extend to *all* subsequent, though distinct periods of residence.

The Court consider there is a material difference between the English Statute and ours, on this subject. The English Statute merely gives a settlement, by residence one year, without being warned, but does not express the effect of such warning.

Our Legislature has undertaken, expressly to dclare the *effec^t* of the warning, and must be presumed to have expressed their intentions explicitly, and to intend something *more*, than would be inferred from mere silence. They intended to make a difference between our Statute and the English.

The 2d section of the Act, does not limit the effect of the warning to the *present* residence of the person warned, but expressly declares, that the person warned "shall not be deemed and adjudged to have gained a legal settlement *in such town*, unless such person or persons is or are discharged from such warning, by a vote of such town," &c.

This section was wholly unnecessary, for the purpose of preventing a settlement, under the residence, immediately following the warning ; it must have been intended to vary our Statute from the English so as to extend the effect of the warning to *all* subsequent, though distinct periods of residence.

*Judgment*—There is error ; that the Judgment of the County Court be reversed ; and,

*Judgment*—That the pauper was duly removed—Chief Justice Chace dissenting.